**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**EAUX HOLDINGS, LLC**                                **CIVIL CASE NO. 2:20-cv-1582**
Plaintiff

**versus**                                                          **JUDGE JAMES CAIN**

**SCOTTSDALE INSURANCE CO.**                **MAGISTRATE JUDGE KAY**
Defendant

**PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES,**
**REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION**
**OF DOCUMENTS**

> TO:     Scottsdale Insurance Company
>           Through its attorney:
>           John P. Wolff, III
>           Keogh, Cox & Wilson, Ltd.
>           701 Main Street
>           Baton Rouge, LA 70802

NOW, comes **EAUX HOLDINGS, LLC,** through undersigned counsel, who answers the

Interrogatories propounded by Defendant, **SCOTTSDALE INSURANCE COMPANY,** as

follows:

**REQUESTS FOR ADMISSIONS**

**REQUEST NO. 1:**

Please admit that the documents produced as part of the Court's Streamlined Settlement Process

("SSP") are the only documents that you possess and/or to which you have access in support of

the allegations asserted in your Complaint.

**RESPONSE TO REQUEST NO. 1:**

Denied as written. Plaintiff states that the documents produced as part of the Court's SSP were all
of the documents in Plaintiff's possession, custody, control and/or that were reasonably available
to Plaintiff and responsive to the items set forth in the SSP.

Exhibit 1

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state the name, address, telephone number, date of birth, driver's license number and

Social Security number of each party responding to these interrogatories.

**ANSWER TO INTERROGATORY NO. 1:**

These interrogatories were answered by undersigned counsel, whose contact information is below.
Undersigned counsel objects to providing any further personally identifying information.

**INTERROGATORY NO. 2:**

Please identify any and all policies of insurance of any nature, including liability, primary,

excess, umbrella, uninsured/underinsured, etc., which were in effect providing coverage of any

type to you at the time of the subject incident. This request includes, auto, health, disability, etc.

**ANSWER TO INTERROGATORY NO. 2:**

The Scottsdale policy at issue is the only policy of insurance.

**INTERROGATORY NO. 3:**

Please identify any and all persons or entities that have an ownership or management interest in

Eaux Holdings, LLC between August 1, 2020 and the present.

**ANSWER TO INTERROGATORY NO. 3:**

The sole member of Eaux Holdings, LLC is Four-O, LLC, whose sole member if Joey Odom.

**INTERROGATORY NO. 4:**

If you identified any limited liability company, corporation, sole proprietorship, or any other entity

in response to Interrogatory No. 3, please identify the ownership and membership structure of

same.

**ANSWER TO INTERROGATORY NO. 4:**

See Answer to Interrogatory No. 3 above.

**INTERROGATORY NO. 5**

Please identify any and all assets and/or property owned by Eaux Holdings, LLC at any point

between August 1, 2020 and  the present.

**ANSWER TO INTERROGATORY NO. 5:**

The only property owned by Plaintiff is the building at 620 Esplanade.

**INTERROGATORY NO. 6:**

Please identify any communications, written oral, or otherwise, that you or anyone acting on your

behalf has had with U.S. General Services Administration from August 1, 2020 to the present.

Please include in your response the following:

      a.   The date of the communication;

      b.   The information sought or conveyed by the communication;

      c.   The person with whom you communicated;

      d.   The manner in which you communicated with the person identified in part (c).

**ANSWER TO INTERROGATORY NO. 6:**

See responsive documents produced herewith.

**INTERROGATORY NO. 7:**

Please identify any communications, written, oral, or otherwise, that you have had with any person
or entity regarding the lease or potential lease of the subject property from August 1, 2020 to the
present. Please include in your response the following:

      a.   The date of the communication;

      b.   The information sought or conveyed by the communication;

      c.   The person with whom you communicated;

    d.   The manner in which you communicated with the person identified in part (c).

**ANSWER TO INTERROGATORY NO. 7:**

    See responsive documents produced herewith.

**INTERROGATORY NO. 8:**

Have you ever been involved in any other lawsuits? If so, please state the nature of the lawsuit, the parties involved in the suit, the style and caption of the suit, including the venue, the names and addresses of all attorneys of record and the ultimate disposition of said lawsuit.

**ANSWER TO INTERROGATORY NO. 8:**

No.

**INTERROGATORY NO. 9:**

Please identify, as defined herein, any communications, written, oral, or otherwise, that you and/or your agent(s) have had with Scottsdale Insurance Company, Inc. between November 26, 2020, to the present, including but not limited to:

    a.   The date of the communication;

    b.   The information sought or conveyed by the communication;

    c.   The person with whom you communicated; and

    d.   The manner in which you communicated with the person identified in part (c) of this interrogatory.

**ANSWER TO INTERROGATORY NO. 9:**

See responsive documents produced herewith.

**INTERROGATORY NO. 10:**

Please outline, in detail, the factual basis for your allegation in Paragraph 12 and Paragraph 16 of the Complaint regarding the alleged "failure to pay timely the amounts owed."

**ANSWER TO INTERROGATORY NO. 10:**

Scottsdale received satisfactory proof of loss on September 15, 2020 and failed to pay the amounts due until well beyond both 30- an 60-days. The only "timely" payment made was the $250,000 advance.

**INTERROGATORY NO. 11:**

Please outline, in detail, the factual basis for your allegation in Paragraph 18 of the Complaint

regarding your alleged "financial losses." Please include in your response each and every fact

and/or document that reflects and supports a claim that "financial losses" occurred, the nature of

the losses and a detailed description of the causal link between the alleged "financial loss" and

some act or omission of Scottsdale Insurance Company or someone acting on its behalf.

**ANSWER TO INTERROGATORY NO. 11:**

See responsive documents produced herewith, including the report of Andrew Vanchiere. Because of the delay in receiving payments necessary to repair the property, Plaintiff lost the opportunity to enter into a very lucrative, long-term lease, which devalued the resale of the property. Plaintiff also lost income from the existing tenant on the first floor for several months because of the delay in payment, which resulted in a delay in repair and habitability.

**INTERROGATORY NO. 12:**

Please outline, in detail, the factual basis for your allegation in Paragraph 19 of the Complaint

regarding your allegations of bad faith under La. R.S. 22:1892. Please include in your response

each and every fact and/or document that reflects and supports § 1892 damages are owed and the

calculation of penalties you believe you are owed.

**ANSWER TO INTERROGATORY NO. 12:**

See responsive documents produced herewith. Scottsdale had satisfactory proof of loss on September 15, 2020 and no reasonable basis to dispute the scope or amount of loss, as evidenced, in part, by it ultimately paying almost the entirety of the claim by means of unconditional tender.

**INTERROGATORY NO. 13:**

Please outline, in detail, the factual basis for your allegations in Paragraph 19 of the Complaint

regarding your allegations of bad faith under La. R.S. 22:1973. Please include in your response

each and every fact and/or document that reflects and supports a claim that "actual damages" were

incurred, a calculation of the dollar value of the alleged "actual damages," and a detailed

description of the causal link between the alleged "actual damages," and some act or omission of

Scottsdale Insurance Company or someone acting on its behalf.

**ANSWER TO INTERROGATORYY NO. 13:**

See responsive documents produced herewith, including the report and supporting documents of
Andrew Vanchiere. See also answers to previous interrogatories above.

**INTERROGATORY NO. 14:**

Please identify any and all documents you intend to rely on in support of your claim for

indemnity/contractual damages to the property.

**ANSWER TO INTERROGATORY NO. 14:**

See proof of loss submitted by Jeff Majors/Skyline on September 15, 2020.

**INTERROGATORY NO. 15:**

Please identify each and every document that you intend to rely upon to support your claim for

penalties under La. R.S. 22:1892.

**ANSWER TO INTERROGATORY NO. 15:**

See responsive documents produced herewith.

**INTERROGATORY NO. 16:**

Please identify each and every document that you intend to rely upon to support your claim for

penalties under La. R.S. 22:1973.

**ANSWER TO INTERROGATORY NO. 16:**

See responsive documents produced herewith.

**INTERROGATORY NO. 17:**

Please identify any and all payments received by you in connection with the loss alleged in your

Complaint, including the amount, the date received, the payor, and the purpose or scope of the

payment.

**ANSWER TO INTERROGATORY NO. 17:**

Scottsdale has made the following payments: $250,000 (advance); $218,192.53 (undisputed ACV

payment less deductible and advance payment); $177,731.98 (unclear whether this was

mitigation); $29,440 (recoverable depreciation); and $1,120,726.49 (undisputed ACV payment).

**INTERROGATORY NO. 18:**

Please state the full name and last known address, giving the street, street number, city and state

or information for the location of every person known to, or reasonably believed by you who have

or purport to have knowledge or information of any facts pertaining to this controversy; if so,

please advise if any statement was taken and by whom.

**ANSWER TO INTERROGATORY NO. 18:**

Plaintiff has not taken any statements. The following persons are believed to have information
relevant to the claim:

Joey Odom
Jeffrey Major, Expert Public Adjuster
Andrew Vanchiere, Expert Realtor
Robert Ehlers, Expert Forensic Accountant
Representative of Encore
Representative of Poole Roofing
Representative of Jacques Bourgeois Electric
Representative of All Clear Restoration
Representative of Scottsdale Insurance
Representative of Grecco
Representative of Wardlaw
Representative of JS Held

**INTERROGATORY NO. 19:**

Please identify all claimed or asserted liens of any nature in connection with the subject incident,

and outline the identity (as defined herein) of every lienholder, the nature of the lien, and the

identity of the person(s) placing you or your attorney on notice of a specific of possible lien.

**ANSWER TO INTERROGATORY NO. 19:**

Plaintiff is not aware of a lien that has been placed yet, though there are several contractors owed
money for work done on the property.

**INTERROGATORY NO. 20:**

Please identify any and all documents you intend to produce and rely upon at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 20:**

See responsive documents provided herewith.

**INTERROGATORY NO. 21:**

Please identify any and all documents responsive to any discovery request herein that no longer

exist, for any reason. In your response, please include a description  of the document or documents,

a description of its contents, and the date and reason for the loss or destruction of the document or

documents.

**ANSWER TO INTERROGATORY NO. 21:**

Plaintiff is not aware of any.

**INTERROGATORY NO. 22:**

Please identify each and every expert that you have retained to provide an opinion and/or testimony

in this matter. Please include in your response the identity of each expert, the nature of the expert's

expertise, and any reports produced or opinions held by the expert.

**ANSWER TO INTERROGATORY NO. 22:**

Andrew Vanchiere, report previously produced

Robert Ehlers, report not yet completed

Jeffrey Major, report previously produced

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce any and all policies of insurance of any nature, including liability, primary,

excess, umbrella, uninsured/underinsured, etc., which were in effect providing coverage of any

type to you at the time of the subject incident.

### RESPONSE TO REQUEST NO. 1:

See responsive documents provided herewith.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Please produce any and all documents that reflect communications, written, oral, or otherwise,

that you or anyone acting on your behalf has had with U.S. General Services Administration

prior to August 26, 2020.

### RESPONSE TO REQUEST NO. 2:

See responsive documents provided herewith.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

Please produce any and all documents that reflect communications, written, oral, or otherwise,

that you or anyone acting on your behalf has had with U.S. General Services Administration

from August 26, 2020 to the present.

### RESPONSE TO REQUEST NO. 3:

See responsive documents provided herewith.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Please produce any and all documents that reflect communications, written, oral, or otherwise,

that you have had with any person or entity regarding the lease or potential lease of the subject

property prior to August 26, 2020 to the present.

**RESPONSE TO REQUEST NO. 4:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce any and all documents that reflect communications, written, oral, or otherwise,

that you have had with any person or entity regarding the lease or potential lease of the subject

property from August 26, 2020 to the present.

**RESPONSE TO REQUEST NO. 5:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Please produce any and all photographs, videos, or visual renderings of the subject property that

were created or in existence prior to August 1, 2020.

**RESPONSE TO REQUEST NO. 6:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Please produce any and all documents that reflect any communications, written, oral, or

otherwise, that you and/or your agent(s) have had with Scottsdale Insurance Company, Inc.

between November 26, 2020, to the present.

**RESPONSE TO REQUEST NO. 7:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Please produce any and all documents that support the factual basis for your allegation in

Paragraph 12 and Paragraph 16 of the Complaint regarding the alleged "failure to pay timely the amounts owed."

**RESPONSE TO REQUEST NO. 8:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Please produce any and all documents that support the factual basis for your allegation in Paragraph 18 of the Complaint regarding your alleged "financial losses." Please include any documents that reflect or support a claim that "financial losses" occurred, the nature of the losses and/or the existence of a causal link between the alleged "financial loss" and some act or omission of Scottsdale Insurance Company or someone acting on its behalf.

**RESPONSE TO REQUEST NO. 9:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMETNS NO. 10:**

Please produce any and all documents that support the factual basis for your allegation in Paragraph 19 of the Complaint regarding your allegations of bad faith under La. R.S. 22:1892. Please include any documents that reflect or support a claim that §1892 damages are owed and the calculation of penalties you believe you are owed.

**RESPONSE TO REQUEST NO. 10:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Please produce any and all documents that support the factual basis for your allegation in Paragraph 19 of the Complaint regarding your allegations of bad faith under La. R.S. 22:1973. Please include in your response any documents that reflect or support a claim that "actual

damages" were incurred, a calculation of the dollar value of the alleged "actual damages," an/or

the existence of a causal link between the alleged "actual damages" and some act or omission of

Scottsdale Insurance Company or someone acting on its behalf.

**RESPONSE TO REQUEST NO. 11:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Please produce any and all documents you intend to rely on in support of your claim for

indemnity/contractual damages to the property.

**RESPONSE TO REQUEST NO. 12:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Please produce documentation of any and all payments you received in connection with the loss

alleged in your Complaint.

**RESPONSE TO REQUEST NO. 13:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Please produce any and all documents that reflect any mortgages or liens against the subject

property or otherwise reflect an encumbrance on the subject.

**RESPONSE TO REQUEST NO. 14:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Please produce any and all corporate records of Eaux Holdings, LLC, including but not limited to

bylaws, articles of incorporation, meeting minutes, resolutions, agendas, summaries,

organizational charts, and member list and/or shareholder lists.

**RESPONSE TO REQUEST NO. 15:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Please produce any and all leases, lease agreements, letters of intents or other documents that

reflect the actual or proposed lease of the property located at 620 Esplanade Street, Lake Charles,

LA 70607 for the past ten (10) years. Please include in your response any and all drafts of any

leases, lease agreements, letters of intents or other documents that reflect the actual or proposed

lease of the property.

**RESPONSE TO REQUEST NO. 16:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Please produce any and all photographs, videos, and visual renderings of the subject property that

were created or existed prior to August 26, 2020.

**RESPONSE TO REQUEST NO. 17:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Please produce any and all correspondence between Eaux Holdings, LLC and Encore, Inc.,

including employee, agent, representative, or officer, pertaining to 620 Esplanade Street, Lake

Charles, LA 70607 between August 26, 2020 and present.

**RESPONSE TO REQUEST NO. 18:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Please produce any and all correspondence between Eaux Holdings, LLC and Skyline Claim

Adjusters, LLC, including any employee, agent, representative, or officer, pertaining to 620

Esplanade Street, Lake Charles, LA 70607.

**RESPONSE TO REQUEST NO. 19:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Please produce any and all correspondence between Eaux Holdings, LLC and Lakeside Bank,

including any employee, agent, representative, or officer, pertaining to 620 Esplanade Street, Lake

Charles, LA 70607.

**RESPONSE TO REQUEST NO. 20:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Please produce any and all correspondence between Eaux Holdings, LLC and Latter & Blum,

LLC, including any employee, agent, representative, or officer, pertaining to 620 Esplanade Street,

Lake Charles, LA 70607.

**RESPONSE TO REQUEST NO. 21:**

See responsive documents provided herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Please produce any and all documents that reflect rental payments that Eaux Holdings, LLC

received, in its own capacity or on behalf of any other person or entity, in connection with the lease

of the property both prior to August 26, 2020 and from August 26, 2020 to present. Please include

in your response the date of payment, the amount of payment, the nature of the work and the payee.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff does not have responsive documents but has produced all information relative to the

lease in Plaintiff's possession.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23**

Please produce any and all documents that reflect rental payments that Eaux Holdings, LLC

received, in its own capacity or on behalf of any other person or entity, in connection with the

lease of the property from August 26, 2020 to present. Please include in your response the date

of payment, the amount of payment, the nature of the work and the payee.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff has not received rental payments since August 26, 2020.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24**

Please produce any and all correspondence, including but not limited to letters (with enclosures),

emails (with attachments), text messages, documents and/or notes related to telephone

communication to, from, and between you and the following persons and entities related in any

way to the damages allegedly sustained from Hurricane Laura at the property located at 620

Esplanade Street, Lake Charles, LA 70607:

    (a)  Encore Inc.

    (b)  Skyline Claim Adjusters, LLC

    (c)  Lakeside Bank

    (d)  Latter & Blum Inc.

    (e)  US Government Services Administration

    (f)  Four-O, LLC

(g) Joseph "Joey" Odom

**RESPONSE TO REQUEST NO. 24:**

See responsive documents produced herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25**

Please produce any and all records of payment made by you for any work completed in whole or in part at the property located at 620 Esplanade Street, Lake Charles, LA 70607 prior to August 26, 2020. Please include in your response any purchase orders, invoices, receipt, checks, ledgers, or other documents that reflect the date of payment, the amount of payment, the nature of the work and the payee.

**RESPONSE TO REQUEST NO. 25:**

See responsive documents produced herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26**

Please produce any and all records of payment received by you from any person or entity, including from any insurance carrier and tenant, for any work completed in whole or in part at the property located at 620 Esplanade Street, Lake Charles, LA 70607 prior to August 26, 2020.

**RESPONSE TO REQUEST NO. 26:**

See responsive documents produced herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27**

Please produce any and all records of payment received by you for any work completed in whole or in part at the property located at 620 Esplanade Street, Lake Charles, LA 70607 between August 26, 2020 and present. Please include in your response any purchase orders, invoices,

receipt, checks, ledgers, or other documents that reflect the date of payment, the amount of

payment, the nature of the work and the payee.

**RESPONSE TO REQUEST NO. 27:**

See responsive documents produced herewith.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28**

Please produce each and every photograph, document, exhibit or other item of tangible evidence

which you will or may attempt to introduce at trial on the merits.

**RESPONSE TO REQUEST NO. 28:**

See responsive documents produced herewith.

RESPECTFULLY SUBMITTED

**COX, COX, FILO, CAMEL & WILSON, LLC**

s/Somer G. Brown
**MICHAEL K. COX (#22026)**
**SOMER G. BROWN (#31462)**
723 BROAD STREET
LAKE CHARLES, LA  70601
(337) 436-6611 (PH)
(337) 436-9541 (FAX)
*Attorneys for Eaux Holdings, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served this day upon all

known counsel of record by electronic transmission from Lake Charles, Louisiana, this 30th day

of June, 2021.

s/Somer G. Brown
