# CONSTRUCTION CONTRACT

THIS AGREEMENT made and entered into as of this 20th day of December 2020, by and between Joey Odom Owner of Eaux Holdings LLC (hereinafter the "Owner") having a mailing address of 622 Esplanade St., Lake Charles, LA, 70607, and Encore Inc. (hereinafter the "Contractor") having a mailing address of 7301 W. 133rd St, STE 100, Overland Park, KS, 66213.

## WITNESSETH:

WHEREAS, Owner desires to contract certain work at 620 Esplanade St., Lake Charles, LA, 70607 specified in the proposal which is attached hereto and incorporated herein as Exhibit A, and Contractor desires to perform said work at the prices and upon the terms and conditions hereinafter expressed in this Agreement.

NOW THEREFORE, in consideration of the mutual agreements herein expressed, the parties do contract as follows:

## SECTION 1   CONTRACTOR'S WORK

Contractor shall perform all work and shall furnish all supervision, labor, materials, equipment, supplies and all other things necessary for the completion of the work described in Exhibit A and work incidental thereto, in strict accordance with manufacturer specifications, applicable codes and regulations, and the terms of this Contract to the satisfaction of Owner. Such work shall be performed in a workman-like manner and in accordance with industry recognized standards.

## SECTION 2   COMPLETE AGREEMENT

Contractor shall perform all work and shall furnish all supervision, labor, materials, equipment, supplies and all other things necessary for the completion of the work described in Exhibit A and work incidental thereto, in strict accordance with manufacturer specifications, applicable codes and regulations, and the terms of this Contract to the satisfaction of Owner. Such work shall be performed in a workman-like manner and in accordance with industry recognized standards

## SECTION 3   CONTRACT SUM

**3.1** Owner shall pay Contractor for performance of the work subject to additions and deductions by change order or other Contract provisions, the total sum of ($1,360,000.00)

### 3.2 Payment

Owner shall pay Contractor an initial payment in the amount of ($100,000.00) within seven (7) days after execution of this Contract.

#### 3.2.1 Progress Payment

A Progress Payment of $250,000.00 will be made by Owner to Contractor thirty (30) days after the initial payment is due.

#### 3.2.2 Final Payment

Exhibit 8

Final payment, which is the Contract Sum, plus any change orders and less the initial payment and less the Progress Payment, subject to withholdings permitted hereunder, shall be due within thirty (30) days of the last of the following to occur:

    .1  Final written approval of work performed has been provided by Owner.
    .2  Contractor has fulfilled the requirements of section 12.2 of this Contract
    .3  Contractor has provided Owner with any and all written manufacturer warranties
    .4  Owner has received total payments for depreciation held by the insurance company.

**3.2.3**  Contractor shall insure that all lower-tier Contractors and employees, at all times, are timely paid all amounts due in connection with the performance of this Contract. Contractor will use funds received from Owner to pay subcontractors on this project, subcontractors will only be paid when paid.

**3.3**  No partial payment made under this Contract shall be considered an acceptance of the work, in whole or in part.

**3.4**  Interest on Payments due and unpaid under this contract shall bear interest from the date payment is due at a rate of 0.6 % per month (7.2 % per annum) on the unpaid balance.

## SECTION 4 CONTRACTOR'S INVESTIGATIONS AND REPRESENTATIONS

**4.1**  Contractor represents that it is fully qualified to perform this Contract, and acknowledges that, prior to the execution of this Contract, it has

**4.1.1**  by its own independent investigation ascertained
    .1  the work required by this Contract,
    .2  the conditions involved in performing the work,
    .3  and the obligations of this Contract and the Contract Documents

**4.1.2**  and verified all information furnished by Owner or others satisfying itself as to the correctness and accuracy of that information. Any failure by Contractor to investigate independently and become fully informed will not relieve Contractor from its responsibilities hereunder.

## SECTION 5    CONTRACTOR'S LIABILITY

**5.1**  Contractor hereby assumes the entire responsibility and liability for all work, supervision, labor, and materials provided hereunder until final acceptance of work by the Owner. In the event of any loss, damage, or destruction thereof from any cause, Contractor shall be liable therefor, and shall repair, rebuild, and make good said loss, damage, or destruction at Contractor's cost.

**5.2**  Contractor shall be liable to Owner for all costs Owner incurs as a result of Contractor's failure to perform this Contract in accordance with its terms. Contractor's failure to perform shall include the failure of its lower-tier Contractors to perform. Contractor's liability shall include but not be limited to:

    .1  Owner's increased costs of performance and related damages.
    .2  Warranty and rework costs

    .3  Liability to third parties
    .4  Attorneys' fees and related costs.

**5.3**    If any person (including employees of Contractor) suffers injury or death or any property is damaged, lost or destroyed, as a result, in whole or in part, of Contractor's negligent acts or omissions, his employees, agents or lower tier Contractors, Contractor assumes the liability therefor and shall indemnify and hold harmless therefrom the Owner, its agents, and employees.

**5.3.1**  With respect to any action involving Contractor's negligent acts or omissions:
    .1  Contractor shall at its own expense defend Owner and all other indemnified parties.
    .2  Contractor shall pay all costs and expenses, including attorneys' fees, of, and satisfy all judgments entered against, Owner and all other indemnified parties. Nothing herein shall preclude Owner from participating in any such defense.

**5.4**    Contractor's assumption of liability is independent from, and not limited in any manner by, the Contractor's insurance coverage obtained pursuant to Article 6. or otherwise. All amounts owed by Contractor to Owner as a result of the liability provisions of this Contract shall be paid upon demand.

**5.5**    The Contract price includes one hundred dollars ($100.00) as specific consideration for Indemnification under this Contract.

### SECTION 6    CONTRACTORS INSURANCE

**6.1**    Prior to commencing the work, Contractor shall procure, with Owner and Owner's agent, as additional insured parties on a primary basis, and thereafter maintain, at its own expense, until expiration of Contractor's obligations under the Contract, General Liability insurance coverage in an amount not less than $1,000,000.00 per occurrence and Worker's Compensation insurance and employer's liability coverage at the statutory limits. Contractor warrants that all employees to be involved in this project shall be insured for worker's compensation as described above.

**6.2**    Contractor waives all rights of recovery against the Owner, and such other parties as are required by Owner and/or the Contract Documents, for losses within the scope of Contractor's insurance.

**6.3**    Five days prior to commencement of work, Contractor shall provide Owner with a Certificate of Liability Insurance naming Owner and Owner's agent as additional insured, along with a Certificate of Worker's Compensation Insurance issued by Contractor's Worker's Compensation carrier listing Owner as Certificate Holder.

### SECTION 7    TIME OF PERFORMANCE

**7.1**    Contractor will proceed with the work in a prompt and diligent manner, in accordance with the agreed upon schedule as reasonably amended from time to time. Commencement occured on November 24, 2020 and the first floor shall be completed within 66 days of commencement. The second floor and all exterior work shall be completed by February 28, 2021. TIME IS OF THE ESSENCE.

**SECTION 8       CHANGES ORDERS**

**8.1**     Owner may, at any time by agreement with Contractor, to make changes in the work covered by this Contract. Any change order under this Section 8.1 shall be in writing. Said request will be followed by a changed order from the Contractor to owner stating changes in price, scheduling, or other provisions. Owner shall have 14 days to process and execute changes presented from contractor.

**SECTION 9       CONTRACTORS FAILURE TO PERFORM**

**9.1**     If, in the opinion of Owner, Contractor shall at any time:

- .1   Refuse or fail to provide sufficient properly skilled workers, adequate supervision, or material of the proper quality.
- .2   Fail in any material respect to prosecute the work according to Owner's current schedule.
- .3   Cause, by any action or omission, the stoppage or delay of or interference with the work of Owner or of any other contractor.
- .4   Fail to comply with any provision of this Contract or the Contract Documents.
- .5   Make a general assignment for the benefit of its creditors.
- .6   Have a receiver appointed
- .7   Become insolvent

**9.1.1**   Then, after serving 3 days' written notice, unless the condition specified in such notice shall have been eliminated within such three (3) days, Owner , at its option, without voiding the other provisions of this Contract may:

- (i)    Take such steps as are necessary to overcome the condition, in which case the Contractor shall be liable to Owner for the cost thereof
- (ii)   Terminate for default Contractor's performance of all or a part of the Contract work.
- (iii)  Obtain specific performance or interlocutory mandatory injunctive relief requiring performance of Contractor's obligations hereunder, it being agreed by Contractor that such relief may be necessary to avoid irreparable harm to Owner.

**9.1.2**   In the event of termination for default, Owner may, at its option:

- a.   Enter on the premises and take possession, for the purpose of completing the work, of all materials and equipment of Contractor
- b.   Take assignment of any or all of Contractor's Contracts
- c.   And or through others complete the work by whatever method Owner may deem expedient.

**9.1.3** In the case of termination for default, Contractor shall not be entitled to receive any further payment until the work shall be fully completed and accepted by the Owner and payment in full made by the Owner. At such time, if the unpaid balance of the price to be paid shall exceed the expense incurred by Owner including overhead and profit, such excess shall be paid

by Owner to Contractor. If such expenses shall exceed such unpaid balance, the Contractor shall pay Owner the difference on demand.

**9.2** If Owner wrongfully exercises its option under Section 9.1.1(i), that action shall be treated as a deductive change. If Owner wrongfully exercises its option under Section 9.1.1(ii), that termination for default shall be considered a termination for Owner's convenience and Contractor shall be entitled to the applicable compensation provided in this Contract. Contractor's remedies under this Section 9.2 shall be exclusive. Nothing herein shall bar withholdings by Owner permitted by other provisions of this Contract.

**SECTION 10    SETTLEMENT OF DISPUTES**
**10.1** To the extent any dispute cannot be resolved between Owner and Contractor, the Courts of the State of Louisiana shall have sole and exclusive jurisdiction to hear the dispute if a lawsuit is brought by either party. DUE TO THE SPECIALIZED NATURE OF CONSTRUCTION LITIGATION, EACH PARTY HEREBY WAIVES ITS RIGHT TO A TRIAL BY JURY. Contractor hereby consents to jurisdiction and venue in the State of Louisiana. If either party is forced to take legal action to enforce any provision of this agreement, the successful party shall be entitled to recover all reasonable attorney's fees, expenses and court costs in connection with said enforcement action.



Initials of Owner          Initials of Contractor

**SECTION 11    WARRANTY**
From date of final completion, Contractor shall warrant all materials and labor for one year

**SECTION 12    LIENS**
**12.1** In the event that liens are filed by anyone in relation to the labor and/or material furnished pursuant to this Contract, Contractor agrees to have the same discharged, by posting a bond with the appropriate authorities, or otherwise, within 3 days of notice. In the event such lien is not so discharged, Owner may discharge the lien itself holding Contractor responsible for all costs and obligations incurred

**12.2** Prior to any payment, Contractor shall provide to Owner a release of its liens and claims and all liens and claims of all furnishing labor and/or materials for the performance of this Contract, and satisfactory evidence that there are no other liens or claims whatsoever outstanding against the work and materials relating to this Contract.

**SECTION 13    INSPECTION AND ACCEPTANCE**

**13.1** Contractor shall provide appropriate facilities at all reasonable times for inspection by the Owner of the work and materials provided under this Contractor, whether at the Project site or any other place where such work or materials may be in preparation, manufacture, storage, or installation. Contractor shall promptly replace or correct any work or materials which the Owner shall reject as failing to conform to the requirements of this Contract. If Contractor does not do so within a reasonable time, Owner shall have the right to do so and Contractor shall be liable to Owner for the cost thereof. If, in the opinion of Owner, it is not expedient to correct or replace all or any part of rejected work or materials, then Owner, at its option, may deduct from the payments due, or to become due, to Contractor, such amount as, in Owner's reasonable judgment, will represent:

    .1    the difference between the fair value of the rejected work and materials and the value thereof if it complied with this Contract

    .2    or the cost of correction, whichever Owner determines is more appropriate

**13.2** The work shall be accepted according to the terms of the Contract Documents. However, unless otherwise agreed in writing, entrance and use by the Owner, shall not constitute acceptance of the work.

### SECTION 14    INCONSISTENCIES AND OMISSIONS

Should inconsistencies or omissions appear in the Contract Documents, it shall be the duty of Contractor to timely notify Owner in writing. Upon receipt of said notice, Owner shall instruct Contractor as to the measures to be taken, and Contractor shall comply with Owner's instructions.

### SECTION 15    APPROVALS

Contractor warrants and agrees that all requisite approvals from the Owner as to its eligibility to serve as a Contractor and the approvals of materials and performance of the work as required by the Contract Documents are obtainable.

### SECTION 16    CLEAN UP

Contractor shall clean its work and remove all debris resulting from its work in a manner that will not impede the operations of the property.

### SECTION 17    ASSIGNMENT AND CONTRACTING

Contractor shall not assign or transfer this Contract, or funds due hereunder, without the prior written consent of Owner. Owner shall not unreasonably withhold its consent to the assignment of funds due hereunder.

### SECTION 18    TAXES AND PERMITS

**18.1** Except as otherwise provided by the Contract Documents, Contractor agrees to pay and comply with and hold Owner harmless against the payment of all Federal, state and local contributions, taxes, duties or premiums arising out of the performance of this Contract, and all sales, use or other duties or taxes of whatever nature levied or assessed against the Owner or

Contractor arising out of this Contract, including any interest or penalties. Contractor waives any and all claims for additional compensation because of any new duties or taxes or any increase in the aforementioned duties or taxes unless payment therefor is specifically provided for in the Contract Documents.

**18.2** Contractor shall obtain and pay for any required permits, licenses, fees and certificates of inspection necessary for the prosecution and completion of work. Contractor shall arrange for all necessary inspections and approvals by public officials

## SECTION 19  LAWS, REGULATIONS, AND ORDINANCES

**19.1** Contractor shall be bound by, and, at its own cost, shall comply with all Federal, state and local laws, codes, ordinances and regulations applicable to this Contract and the performance of the work hereunder whether by reason of general law or by reason of provisions in the Contract Documents. Contractor and all lower-tier Contractors shall be duly licensed to operate under the law of the applicable jurisdictions

**19.2** Specifically, and without limitation, Contractor and all employees and agents thereof shall comply with the applicable requirements issued pursuant to the Occupational Safety and Health Act of 1970, as amended, all other applicable health and safety laws and regulations, and all laws and regulations applicable to the hiring of aliens.

**19.3** Contractor shall be liable to Owner for all loss, cost and expense attributable to any acts of commission or omission by Contractor, its employees and agents, and lower-tier Contractors resulting from failure to comply with any Federal, state or local laws, codes, ordinances or regulations including, but not limited to, any fines, penalties or corrective measures

## SECTION 20  SAFETY
Contractor shall comply with all safety requirements imposed by law.

## SECTION 21  EQUAL OPPORTUNITY
In connection with the performance of work under this Contract, Contractor agrees not to discriminate against any employee or applicant for employment because of race, religion, sex, color or national origin. The aforesaid provision shall include, but not be limited to, the following employment, upgrading, demotion or transfer; recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. Contractor agrees to post hereafter, in conspicuous places, available for employees and applicants for employment, notices, prepared by Contractor, and approved by the government when required, setting forth the provisions of this Section 21.

## SECTION 22  NOTICE
All notices shall be addressed to the parties at the addresses set out herein, and shall be considered as delivered when postmarked if dispatched by registered or certified mail, when confirmed if sent by telegram or telecopy, when signed for when delivered by hand, and when received in all other cases.

To Owner:  
Eaux Holdings, LLC  
622 Esplanade St.  
Lake Charles, LA 70607

To Contractor:  
Encore, Inc.  
7301 W. 133rd Street, Suite 100  
Overland Park, KS 66213

**SECTION 23    SEVERABILITY AND WAIVER**

The partial or complete invalidity of any one or more provisions of this Contract shall not affect the validity or continuing force and effect of any other provision. If any provision is invalid, in whole or in part, the provision shall be considered reformed to reflect the intent thereof to the greatest extent possible consistent with law. The failure of either party to insist, in any one or more instances, upon the performance of any of the terms, covenants, or conditions of this Contract, or to exercise any right herein, shall not be construed as a waiver or relinquishment of such term, covenant, condition or right as respects further performance

IN WITNESS WHEREOF, the parties, by their duly authorized representatives, have hereunto executed this Contract, on the day and year first written above.

Eaux Holdings, LLC

_____  
OWNER *(Signature)*

Joey Oden, Member  
*(Print name and title)*

_____  
CONTRACTOR *(Signature)*

M. EVAN MONHEISER  
*(Print name and title)*