WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| EAUX HOLDINGS, LLC | CIVIL CASE NO. 2:20-CV-01582<br>*Jury Trial* |
| VERSUS | JUDGE JAMES CAIN |
| SCOTTSDALE INSURANCE CO. | MAG. JUDGE KATHLEEN KAY |

**STATEMENT OF UNDISPUTED FACT FOR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PAYMENTS**

1. On August 27, 2020, Hurricane Laura hit Lake Charles, Louisiana.
2. Plaintiff, Eaux Holdings, LLC asserted a claim under SIC policy number CPS3344220 (the "Policy") for property damage to a commercial property located at 620 Esplanade in Lake Charles.[1]
3. The building was constructed in 1976, had a high depreciation value (lowering the ACV) and involved specialty components such as government security tenant and uncommon exterior building components.[2]
4. The Policy provides, in pertinent part, the following:

> **3. Replacement Cost**
>
> **a.** Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form.
>
> …

[1] R.Doc. 1.
[2] Exibit 3, Expert Report of Louis Fey, p. 10, 18-19; Exhibit 8, Deposition of Jeff Major, p. 126-127.

> **c.** You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.
>
> **d.** We will not pay on a replacement cost basis for any loss or damage:
>
> > **(1)** Until the lost or damaged property is actually repaired or replaced; and
> >
> > **(2)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.
>
> **e.** We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2) or (3), subject to f. below:
>
> > **(1)** The Limit of Insurance applicable to the lost or damaged property;
> >
> > **(2)** The cost to replace the lost or damaged property with other property:
> >
> > > **(a)** Of comparable material and quality; and
> > >
> > > **(b)** Used for the same purpose; or
> >
> > **(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.
>
> **f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.[3]

5. On September 15, 2020, Plaintiff's Public Adjuster, Skyline Adjusters, issued an estimate to repair the building with a total building repair/replacement cost of $2,196,188.79.[4] Despite the fact that Plaintiff was only entitled to the actual cash

[3] Exhibit 2, SIC Policy, SIC 00293.
[4] Exhibit 9, Skyline 00020-234.

value of the building until repairs were completed, the Skyline estimate did not give an actual cash value, and was only based on replacement cost.[5]

6. On September 23, 2020, SIC issued a $250,000 advance payment to Plaintiff.[6]
7. Due to the complexity of the claim, SIC retained an expert building consultant. SIC's consultant disputed the Skyline estimate with regards to scope, cost and repair methodologies.[7]
8. On November 22, 2020, within 30 days of receiving its consultant's ACV estimate, SIC issued payment of the undisputed actual cash value, $218,193, and advised Plaintiff it would continue to adjust the claim to reach agreement on the disputed issues.[8]
9. Plaintiff issued a notice of intent to its contractor, Encore, on September 30, 2020, to secure Encore's services as a general contractor on the project.[9]
10. Encore could not start work under it obtained its state contractor's license on November 19. Prior to that date, state law prohibited Encore from bidding, contracting or performing construction work in the state.[10] Encore began construction on November 24, 2020.

---

[5] Exhibit 2, SIC Policy, p. 82.
[6] R.Doc. 1.
[7] Exhibit 3, Expert Report of Louis Fey.
[8] Exhibit 3, Fey Report; Exhibit 11, SIC 000563; SIC 00119-121.
[9] Exhibit 10, Skyline 00265-001; Exhibit 5, Encore Deposition, Vol. I, p. 56.
[10] Exhibit 5, Encore Deposition, Vol. I, p. 89, 94, 131; Exhibit 6, 30(b)(6) Deposition of Encore, Inc., Vol. II, p. 61, 80.

11. Plaintiff and Encore formally entered into a construction contact on December 20, 2020, for a total price of $1.36 million.[11]

12. To date, the project is "substantially complete."[12] While the contractor has not completed the window replacement, the cost is known and was included in Encore's contract price.[13]

13. After the initial payment for actual cost value, SIC continued to adjust the claim and pay undisputed amounts, which included replacement costs once those costs were realized. On January 8, 2021, SIC tendered $177,731.98.[14] On March 17, 2021, SIC made an additional tender of $29,440, and on May 18, 2021, a $1,120,726.49 tender was made.[15] To date, a total of $1,796,091 has been paid.

14. The total replacement costs for the building, including the window work, as well as the roof, electrical and mitigation costs, is $1,780,089.[16]

*[Signature block on following page]*

---

[11] Exhibit 7, Encore Contract, Encore 55.
[12] Exhibit 6, 30(b)(6) Deposition of Encore, Inc., Vol. II, 206-207.
[13] Exhibit 6, 30(b)(6) Deposition of Encore, Inc., Vol. II, p. 34; Expert Report of Granger Stuck, p. 2, 168.
[14] Exhibit 3, Louis Fey Report, p. 14.
[15] Exhibit 3, Louis Fey Report, p. 21.
[16] Exhibit 4, Granger Stuck Report, p. 2, 168.

Respectfully submitted,
**KEOGH COX & WILSON, LTD.**

JOHN P. WOLFF, III (14504)
MARY ANNE WOLF (26556)
RICHARD W. WOLFF (34844)
JENNIFER R. DIETZ (33804)
CHELSEA A. PAYNE (35952)
SYDNEE D. MENOU (35913)
COLE C. FRAZIER (38743)
701 Main Street
Baton Rouge, La 70802
Telephone: 225-383-3796
Facsimile: 225-343-9612
jwolff@keoghcox.com
mwolf@keoghcox.com
jdietz@keoghcox.com
rwolff@keoghcox.com
cpayne@keoghcox.com
smenou@keoghcox.com
cfrazier@keoghcox.com
***Counsel for Defendant,***
***Scottsdale Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 8th day of September, 2021.

John P. Wolff

John Wolff