UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**EAUX HOLDINGS, LLC**          CIVIL CASE NO. 2:20-cv-01582
Plaintiff

**versus**                      JUDGE JAMES CAIN

**SCOTTSDALE INSURANCE CO**     MAGISTRATE JUDGE KAY
Defendant

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS**

NOW INTO COURT, through undersigned counsel, comes **EAUX HOLDINGS, LLC** (hereinafter "Plaintiff"), who respectfully moves this Honorable Court to exclude the testimony of Defendant **SCOTTSDALE INSURANCE CO** (hereinafter "Defendant")'s expert witness Louis Fey for the following reasons:

1.

The Federal Rules of Evidence allows expert opinion testimony only if

**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
**(b)** the testimony is based on sufficient facts or data;
**(c)** the testimony is the product of reliable principles and methods; and
**(d)** the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.

2.

It is the task of the judge as "gatekeeper" to ensure that the offered expert testimony is reliable and relevant, and helpful to the jury, following the Supreme Court's guidance in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993).

3.

Defendant's expert on insurance industry practices offers nothing but legal conclusions on whether Defendant's claims handling in the present case was "reasonable," which is ultimately the

decision of the jury.

4.

Legal conclusions are irrelevant and unhelpful to the jury, and tend to confuse the jury as to the appropriate legal standard, and thus is more prejudicial than probative under F.R.E. 403.

5.

Furthermore, Mr. Fey's legal opinions, themselves in admissible only on that basis, are in fact premised on incorrect understandings of the applicable Louisiana law, and are therefore doubly inadmissible.

6.

Mr. Fey's opinions also fail the standard *Daubert* test for reliability and relevance.

7.

Mr. Fey's legal conclusions are unreliable, first and foremost, because they are premised on the incorrect understanding of the law. Mr. Fey's opinions are further unreliable because they are not based on sufficient facts, including Mr. Fey's continued reliance on a now-discredited estimate to conclude that Defendant was reasonable; and further assumptions about the extent of the damage, which Mr. Fey did not himself inspect.

8.

Finally, Mr. Fey's testimony is irrelevant in the sense that his specialized expertise will not assist the jury in what is essentially a case about underpayment and timing of payments. Furthermore, as described above, Mr. Fey's testimony will be actively unhelpful to the jury, as the jury may give too much credence to a "legal expert," the legal expert's legal opinions are likely to confuse the jury as to the proper legal standard, when it is clearly only the province of the trial

judge to instruct jurors as to the correct law. The fact that Mr. Fey's testimony is premised on the wrong law will only further confuse the jury. His testimony is not helpful under F.R.E. 702(a).

9.

Therefore, the testimony of Defendant's expert, Louis Fey, should be excluded because his testimony is inadmissible legal opinion evidence, his opinions are based on incorrect understanding of Louisiana law, and in any event, his opinions fail to meet the *Daubert* requirement for reliability and helpfulness to the jury, and therefore admission of his testimony would violate both F.R.E. 403 and 702.

WHEREFORE, Plaintiff **EAUX HOLDINGS, LLC** prays that this Honorable Court grant this motion and exclude Defendant's expert witness Louis Fey from testifying in the present case.

RESPECTFULLY SUBMITTED

**COX, COX, FILO, CAMEL & WILSON, LLC**

BY: /s/ Somer G. Brown
**MICHAEL K. COX (Bar No. 22026)**
**SOMER G. BROWN (Bar No. 31462)**
723 Broad Street
Lake Charles, LA 70601
Phone: 337-436-6611
Fax: 337-436-9541
mike@coxatty.com
somer@coxatty.com