UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EAUX HOLDINGS L L C** | **CASE NO. 2:20-CV-01582** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Eaux's Memorandum in Support of Eaux's Motion for Partial Summary Judgment of Entitleent [sic] to Damages in Addition to Penalties Under La. R.S. § 22:1892 and/or La. R.S. § 22:1973" (Doc. 30) wherein Plaintiff, Eaux Holdings, LLC ("Eaux") through counsel, moves for an "advisory" opinion as to the application of Louisiana Revised Statutes § 22:1892(A)(1) and 1973(B)(5).

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall in Cameron, Louisiana and struck Lake Charles, Louisiana as a Strong Category 4 hurricane; it was the fifth strongest hurricane to ever hit the United States and is tied as the strongest hurricane to ever hit Louisiana.

Eaux owns property in Lake Charles which was damaged by the hurricane. Defendant Scottsdale Insurance Company ("Scottsdale") issued a policy that covered hurricane-related wind damage which was in full force and effect on the day of Hurricane Laura's devastation.

Eaux asserts that it submitted satisfactory proof of loss on the property on September 15, 2020; Scottsdale disputes this. Scottsdale asserts that Eaux's adjuster's estimate was not satisfactory proof of loss and was inflated.

Eaux asserts that Scottsdale failed to pay the amount reflected in the proof of loss within thirty or sixty days of receipt of that proof of loss. Scottsdale disputes this and alleges that its payments were timely.

Eaux asserts that Scottsdale made one payment within its statutory thirty-day deadline--$250,000 on September 23, 2020; Scottsdale admits to this payment but again asserts that Eaux's adjuster's estimate did not constitute satisfactory proof of loss.

Eaux asserts that Scottsdale made a payment on November 23, 2021, for $218,192.53 which represented payment for the actual cash value of loss to the property, less the deductible and advance payment. Eaux asserts that this payment was untimely as well as later payments. Scottsdale admits it made the $218,192.53 payments based on the undisputed actual cash value of the repairs but disputes that its payments were untimely based on the adjuster's estimate not constituting satisfactory proof of loss.

Eaux asserts that Scottsdale has paid $1,796,091 which is approximately 81% of the Adjuster's $2,196,188.79 estimate and maintains that all but the first $250,000 payment were untimely. Scottsdale disputes this; Scottsdale asserts that the "60-day" deadline did not begin to run on September 15, 2020 for the reasons previously mentioned.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Eaux moves for a Judgment from this Court that in the event that Scottsdale is found to have violated both Louisiana Revised Statutes § 22:1892(A)(1) and 22:1973(B)(5), that Eaux would be entitled to penalties under either § 22:1892(B)(1) or § 22:1973(C), whichever is greater, and that Eaux would simultaneously be entitled to attorney fees and costs under § 22:1892(B)(1) and also damages under § 22:1973(A) for the same violations by an insurer.

The Court has reviewed the Memoranda of both parties and finds that this motion is premature and therefore will defer it to the merits of the case.

**THUS DONE AND SIGNED** in Chambers on this 24th day of September, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**