UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| EAUX HOLDINGS, LLC | CIVIL CASE NO. 2:20-CV-01582 |
| | *Jury Trial* |
| VERSUS | |
| | JUDGE JAMES CAIN |
| SCOTTSDALE INSURANCE CO. | MAG. JUDGE KATHLEEN KAY |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE LATE EXPERT REPORTS, SUPPLEMENTAL *DAUBERT* MOTION, AND MOTION TO SET ORAL ARGUMENT**

NOW INTO COURT, through undersigned counsel, comes Defendant, Scottsdale Insurance Company ("SIC"), who files this memorandum in support of its motion to exclude Plaintiff's untimely "expert reports" and opinions, and to supplement its *Daubert* motion to exclude Jeffrey Major. No good cause exists to allow these proffered reports/opinions because the supporting facts were readily available before Plaintiff's deadline to submit expert reports. SIC requests that oral argument be set on October 14, 2021, with the other pending hearings in this matter.

**I.    Background Information**

On June 4, 2021, this Court issued Record Document 17, Addendum to Electronic Scheduling Order, directing the parties "to proceed as indicated in this Scheduling Order according to the deadlines set forth herein…" (at p. 1). Further, the Court ordered that any

1

motion for extension of a deadline be filed *prior* to the deadline. (at p. 1). The Order sets forth explicit deadlines for expert reports, as follows:

> **A. Expert Reports**: Plaintiff shall furnish to defendant the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before August 1, 2021. Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than August 15, 2021. **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.** (emphasis in original).
>
> A treating physician may opine about diagnosis, prognosis, causation, or the need for future medical treatment without producing a report under Rule 26(a)(2)(B) and without the proponent providing a summary of facts and opinions under Rule26(a)(2)(C). The brief summary described in the main body of this order satisfies a party's Rule 26 disclosure requirements for treating physicians, so long as it is made within the party's expert report deadline. A witness will not be allowed to testify as a treating physician if he is not timely disclosed, absent leave of court upon a showing of good cause. A party must still qualify a treating physician at trial if the physician will testify to a medical opinion.

Thus, Plaintiff was required to submit any expert report by August 1, 2021, and was prohibited from providing any supplemental report without first showing good cause and obtaining leave of court.

Notwithstanding this Court's Order, on September 16, 2021, Plaintiff provided via email to SIC counsel two purported "rebuttal" reports prepared by Plaintiff's public adjuster, Jeffrey Major of Skyline Public Adjusters, LLC. See attached Exhibits 1 and 2.[1] These reports were produced well beyond the Plaintiff's deadline for expert reports.

---

[1] See Exhibit 4, plaintiff attorney email to SIC counsel transmitting reports.

Further, Plaintiff produced the reports after Mr. Major was deposed on August 10, 2021, and after the deadline of September 9, 2021, to file motions *in limine* or *Daubert* motions.

## II. The "rebuttal reports" violate this Court's Scheduling Order and Rule 26.

Plaintiff's production of the late reports violates this Court's Scheduling Order. The reports were not produced in accordance with the applicable deadlines. Plaintiff did not seek leave of court or show good cause. Further, no good cause can be shown because the reports are not truly rebuttal in nature. Instead, they are an attempt to expand Mr. Major's purview as an "expert" at trial beyond his actual area of specialized knowledge. Additionally, the reports are not supplemental because the factual predicate for the new opinions was available at the time of the original report deadline.

Rule 26 of the Federal Rules of Civil Procedure governs a party's obligations regarding the disclosure of expert testimony. Rule 26(a)(2)(D) sets forth the time to disclose expert testimony, stating: "A party must make these disclosures at the times and in the sequence that the court orders. **Absent a … court order**, the disclosures must be made: (i) at least 90 days before the date set for trial or…, or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party…, within 30 days after the other party's disclosure." (emphasis added).

Here, Plaintiff failed to comply with the Rule in that the purported rebuttal reports were submitted less than 90 days before trial and more than 30 days after SIC's expert

reports were produced.[2] Moreover, this Court's Order does not allow for any supplemental report without leave of court, which Plaintiff failed to request.

Additionally, Rule 26(a)(2)(E) and (e), which applies to a party's duty to supplement, is inapplicable here. Plaintiff does not contend that it learned of new information. In fact, the last page of the reports itemizes the documents reviewed (claim file, initial disclosures, contractor billing and estimates, incurred expenses, photographs, Skyline claim file and emails, and documents produced by SIC for Mr. Major's deposition), all of which have been available throughout discovery.

In *Sapp v. Centauri Specialty Insurance Co.*, 2019 WL 8137171 (W.D. La. 12/11/2019), this Court granted the defendant's motion *in limine*, striking the two reports submitted by plaintiff's expert, and barring the expert from testifying at trial. The first report was excluded because it failed to comply with the Rule 26 requirement for "a complete statement of all opinions … and the basis and reasons for them," the purpose of which is to "prevent unfair surprise." The Court excluded the second report, which plaintiff labeled "rebuttal," finding it was "less a supplement and more an original expert opinion," which was untimely. In applying its sanction under Rule 37, the Court considered the prejudice to the defendant and the plaintiff's lack of adequate explanation for its failure to comply with Rule 26, and further stated: "the court must have some sanction available to enforce its own deadlines and rules. Otherwise, the party who inexplicably skirts deadlines and submits subpar filings would gain an unfair advantage over the party who complies."

---

[2] SIC submitted its expert reports to Plaintiff on August 15, 2021. See Exhibit 3, email transmitting SIC expert reports.

This is precisely the situation in the subject case. Plaintiff's first purported report was Major's damage estimate prepared in September 2020 ("Skyline Estimate"), which is completely deficient under Rule 26 as an expert report. See R.Doc. 34-2, p. 6-15, SIC's memorandum in support of it motion *in limine* to exclude Mr. Major and the Skyline Estimate. Plaintiff has admitted that the Skyline Estimate is irrelevant. See R.Doc 50-1, p. 7 - 8, wherein Plaintiff admits that the Skyline Estimate "is irrelevant to the evaluation of this claim once the repair work was actually done…" Accordingly, the Skyline Estimate and Mr. Major's related testimony should be stricken.

Apparently, to avoid exclusion of its expert, Plaintiff submitted untimely "rebuttal reports." These reports are wholly improper for numerous reasons: Major makes only conclusory statements; he goes beyond his area of knowledge/expertise as a public adjuster; he attempts to interpret law and the policy in clear violation of the restrictions on a public adjuster under La. R.S. 22:1691, 1692 and 1706; he purports to address construction delay and claims handling, areas for which he has no expertise or basis to testify; he uses Plaintiff's erroneous legal definition of an "incurred cost;" and he purports to make factual statements without personal knowledge.[3] In short, Plaintiff attempts to use its untimely and improper reports as a means to insert Mr. Major as an expert at trial where he does not meet the *Daubert* standard and without complying with Rule 26 or this Court's Order.

---

[3] SIC reserves the right to use Mr. Major's affidavit and expert reports as impeachment evidence.

5

The prejudice to SIC in allowing the reports cannot be overstated. SIC has experienced the significant expense of discovery, obtained expert reports to address Plaintiff's case as it was presented in the pleadings and discovery, and deposed Mr. Major based on the Skyline Estimate, which Plaintiff identified as his report. SIC complied with this Court's Order. Plaintiff did not. Plaintiff attempts to use the vehicle of a "rebuttal report" to greatly expand its proffered expert's purview to testify in areas that were never included in the original purported report, after SIC undertook the significant expense to depose Mr. Major on these areas in preparation of its case for trial. Plaintiff's actions present exactly the "unfair surprise" that Rule 26 is intended to avoid.

Most notably, Plaintiff made no attempt to seek leave for the obvious reason that no good cause exists when the information that is the subject of the reports was readily available before its expert report deadline of August 1, 2021.

Accordingly, the reports are untimely and improper and should be excluded, and Mr. Major should be precluded from giving any testimony related to the reports.

### III. Supplemental Motion *in Limine*/*Daubert* Motion to Exclude Jeffrey Major

The analysis clearly shows that the late reports should be excluded; however, SIC also submits this supplement to its motion *in limine* to exclude Mr. Major from testifying as an expert at trial and to limit his testimony as a fact witness. See SIC's prior motion at R. Doc 34, which is incorporated herein.

Mr. Major is a public adjuster and his testimony as an expert must be limited to that area. State law strictly limits his activity to "investigating, appraising, evaluating and reporting" regarding the claim; the law explicitly prohibits the practice of law, to include

rendering legal advice regarding the policy or coverage issues. See R.S. 22:1961, 1692(8)(a), 1706 (7) and (8). Despite these clear restrictions, Mr. Major offers his conclusory "opinions" regarding what constitutes "satisfactory proof of loss" under Louisiana law, as well as his interpretation of the policy and coverage owed under the policy. Such opinions offered by a public adjuster specifically violate the state law prohibitions applicable to public adjusters.

Further, he offers opinions related to claims handling that are outside his expertise.[4] (See for example, Exhibit 1, p. 3-4). Moreover, Major attempts to usurp the role of the jury by deciding which facts are "inaccurate" or "false," and which expert has "bias." (See for example, Exhibit 1, p. 2, Executive Summary). This type of proffered testimony by an expert is not allowed under Fed. R. of Evid. 702.

Similarly, regarding Mr. Stuck's report, Major offers opinions that are outside his area of expertise or are otherwise inappropriate. For example, he offers opinions based on Plaintiff's erroneous definition of an "incurred cost."[5] (Exhibit 2, p. 3, item #1). He offers opinions related to construction delay (Exhibit 2, p. 3, para. 6), when he is not a construction or delay expert and his testimony reflects that he had little knowledge of the contractor's schedules.[6] Further, Major does not provide supporting facts or data for his

---

[4] See R.Doc. 34-2, p. 7 - 8, 21 - 24, for SIC's argument on this issue, which is incorporated herein. See also R.Doc. 34-25 at p. 74 wherein Mr. Major admits he lacks key certifications/designations of professionals in the insurance claims handling industry. For comparison, see Louis Fey curriculum vitae, Exhibit 5, p.1-2.
[5] See R.Doc. 74 p. 11 - 14, for SIC's argument against Plaintiff's erroneous use of the term "incurred cost" that improperly includes the full estimated or invoiced cost for work that was never done, or was done but at a discounted cost, which is incorporated herein.
[6] R.Doc. 34-27, Major's curriculum vitae; R.Doc. 34-26, p. 90 (of 197):24 - p. 91:4 (Major had no knowledge of the work progress); p. 91:21-25 (Major was not involved in contractor's construction

opinions, as required by Rule 26, and instead makes conclusory statements. (See for example, Exhibit 2, p. 3, item #3). Finally, throughout his new report, Major seeks to interpret the insurance policy and refers to "indemnity" under the policy, which is clearly a violation of state law that prohibits public adjusters from interpreting the policy and law.

Additionally, Mr. Major submitted an affidavit dated September 21, 2021, that Plaintiff attached to some of its opposition motions. See R.Doc. 66-2. This affidavit is similar to the late reports in that Mr. Major attempts to provide his opinions in areas, such as construction delay, that go beyond his expertise (item #17, 18). He purports to interpret the policy (item #5, 9, 10, 16, 20) and state law (item #3, 21). He misuses the term "incurred cost" (item # 8). He makes an improper comparison between the amount SIC initially paid and the final amount paid, which does not comport with the law or the policy (item #10).[7] The affidavit raises issues not included in Plaintiff's lawsuit such as the repair work not reflecting like kind (#21).[8] Accordingly, SIC moves to strike and exclude the affidavit and all testimony by Mr. Major at trial related to the opinions stated therein.

### IV. Conclusion

For the reasons stated herein, as well as SIC's original motion *in limine* to exclude Jeffrey Major as expert witness and limit his testimony as a fact witness (R.Doc. 34-2), SIC moves for the following:

---

schedules); p. 111:9-112:10 (Major was not involved in construction schedules); p. 128:7-11 (contractor's schedule was irrelevant to Major).
[7] See SIC's argument at R.Doc. 74, p.8-9, which is incorporated herein.
[8] See SIC's argument at R.Doc. 74, p. 15, which is incorporated herein.

8

- o  Strike and exclude Plaintiff's two proffered expert reports by Jeffry Major, submitted to SIC on September 16, 2021, and any and all related testimony at trial because they violate Rule 26 and this Court's Scheduling Order.
- o  Alternatively, strike and exclude the two reports because they are improper under Rule 26, Fed. R. of Evid. 702 and violate state law applicable to public adjusters.
- o  Strike and exclude Mr. Major's affidavit, dated September 21, 2021, and any and all related testimony at trial.
- o  Strike and exclude the Skyline Estimate as irrelevant and moot, which Plaintiff admits, and because it does not qualify as a proper expert report under Rule 26. (R.Doc. 34-2, p. 22)
- o  To the extent Major is found qualified and the Skyline Estimate is admissible, Major's testimony as fact or expert witness should be strictly limited to the Skyline Estimate, and testimony regarding the following specifically excluded: (1) interpretation of the insurance policy terms and conditions; (2) interpretation of Louisiana law, including but not limited to La. R.S. 22:1973 and 1892, satisfactory proof of loss, and bad faith; (3) timeliness and reasonableness of insurance claims handling, both generally and specifically; (4) information obtained from third parties, including but not limited to roofing, engineering, and causation/pre-existing damage. (R.Doc. 34-2, p. 22). Additionally, Major should be precluded from testifying regarding claims of work not reflecting like kind (referred to by Plaintiff as "lesser

repairs"), improper use of the term "incurred cost," and improper comparison of the initial amounts paid by SIC to the final amount paid.

Respectfully submitted,<br>
**KEOGH COX & WILSON, LTD.**

*[signature: Mary Anne Wolf]*

_____
JOHN P. WOLFF, III (14504)
MARY ANNE WOLF (26556)
RICHARD W. WOLFF (34844)
JENNIFER R. DIETZ (33804)
CHELSEA A. PAYNE (35952)
SYDNEE D. MENOU (35913)
701 Main Street
Baton Rouge, La. 70802
Telephone: 225-383-3796
Facsimile: 225-343-9612
jwolff@keoghcox.com
mwolf@keoghcox.com
jdietz@keoghcox.com
rwolff@keoghcox.com
cpayne@keoghcox.com
smenou@keoghcox.com
***Counsel for Defendant,***
***Scottsdale Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 5th day of October, 2021.

*[signature: Mary Anne Wolf]*

_____
Mary Anne Wolf