# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **EAUX HOLDINGS L L C** | **CASE NO. 2:20-CV-01582** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine (*DAUBERT* MOTION) to Exclude the Testimony and Report of Plaintiff's Proferred Expert, Andrew Vanchiere" (Doc.36) filed by Scottsdale Insurance Company ("Scottsdale").

## BACKGROUND

On August 27, 2020, Hurricane Laura made landfall in Cameron, Louisiana and struck Lake Charles, Louisiana as a Strong Category 4 hurricane; it was the fifth strongest hurricane to ever hit the United States and is tied as the strongest hurricane to ever hit Louisiana.

Eaux owns property in Lake Charles which was damaged by the hurricane. Defendant Scottsdale Insurance Company (Scottsdale") issued a policy that covered hurricane-related wind damage which was in full force and effect on the day of Hurricane Laura's devastation. Eaux filed suit against Scottsdale claiming a dispute as to the nature and extent of damages and that Scottsdale's payments were not timely and thus subject to penalties and attorney fees pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:1892.

Eaux hired Andrew Vanchiere to provide a damage analysis of lost rental income and diminished property value.[1]

## LAW AND ANALYSIS

Scottsdale complains that Mr. Vanchiere's report does not meet the requirements of Rule 26(2)(B). Specifically, Scottsdale contends that the report fails to contain a basis for the opinions set forth in the opinion, is based on speculation and fails to identify any process by which he reached his conclusions.

Eaux maintains that Vanchiere is qualified to opine on commercial office sales and leasing in the Lake Charles area, as a licensed real estate salesperson who has performed this type of analysis as a regular part of his 16-year-long career in commercial real estate sales and leasing. Eaux relies on Louisiana Revised Statute § 37:3393(E) which provides as follows:

> Nothing in this Chapter shall preclude a licensed real estate broker or salesperson from performing a broker price opinion/comparative market analysis in the ordinary course of the practice of real estate, provided that the broker or salesperson does not represent himself as being a state licensed real estate appraiser.

Scottsdale argues that Vanchiere's methodology is unreliable. Eaux contends that Vanchiere used market comparables to determine a baseline of value in the Lake Charles market and used a discounted cash flow analysis to find the net present value of rental streams as well as utilizing the capitalization rate method to determine market value of the property itself.[2]

---

[1] Defendant's exhibit 3, Vanchiere Report.
[2] Plaintiff's exhibits D and E, Doc. 36-6, p. 1; Plaintiff's exhibits F, and G., Doc. 36-6.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.,* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.,* 826 F.2d 420. 422 (5th Cir. 1987)).

## CONCLUSION

The Court notes that Mr. Vanchiere has a vast amount of experience in the area of commercial leasing and furthermore Scottsdale's complaints can be addressed through cross-examination and the presentation of a rebuttal expert or witness. As noted by Eaux, a disagreement among experts is not grounds for exclusion. Accordingly,

**IT IS ORDERED** that the Motion in Limine (*DAUBERT* MOTION) to Exclude the Testimony and Report of Plaintiff's Proferred Expert, Andrew Vanchiere (Doc. 36) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of October, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**