# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

EAUX HOLDINGS L L C                            CASE NO.  2:20-CV-01582

VERSUS                                         JUDGE JAMES D. CAIN, JR.

SCOTTSDALE INSURANCE CO                        MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion to Exclude Defendant's Expert Witness" (Doc. 43). Plaintiff Eaux Holdings LLC ("Eaux") moves to exclude the testimony of Defendant Scottsdale Insurance Company's ("Scottsdale") expert witness Louis Fey. Eaux maintains that Mr. Fey's opinions (1) are legal conclusions that do not have the proper understanding of Louisiana law, and (2) are unreliable and irrelevant.

## BACKGROUND

On August 27, 2020, Hurricane Laura made landfall in Cameron, Louisiana and struck Lake Charles, Louisiana as a Strong Category 4 hurricane; it was the fifth strongest hurricane to ever hit the United States and is tied as the strongest hurricane to ever hit Louisiana.

Eaux owns property in Lake Charles which was damaged by the hurricane. Defendant Scottsdale Insurance Company (Scottsdale") issued a policy that covered hurricane-related wind damage which was in full force and effect on the day of Hurricane Laura's devastation. Eaux filed suit against Scottsdale claiming a dispute as to the nature

and extent of damages and that Scottsdale's payments were not timely and thus subject to penalties and attorney fees pursuant to Louisiana Revised Statutes §§ 22:1973 and 22:1892.

Scottsdale hired Louis Fey to serve as an expert witness regarding the insurance industry standards, customs, and practices applicable to insurance claim handling, and to evaluate Scottsdale's handling and payment of Eaux's property insurance claim.

## LAW AND ANALYSIS

Eaux, through its counsel maintains that the testimony of Louis Fey, Scottsdale's expert is inadmissible legal opinion which is within the purview of only the trier of fact. Eaux challenges Mr. Fey's opinion that "Scottsdale handled this claim in a professional manner."[1] As noted by Scottsdale, Mr. Fey's opinions are prefaced with the following:

> 10. To be clear, where I comment on coverage in this report, I do so only to discuss the industry intent behind coverage forms or exclusions, or to illustrate the application of industry standards to an adjuster's evaluation of coverage from a claim perspective.  To the extent that there are any coverage disputes in this matter, my opinion should not be viewed as an attempt to declare or disclaim coverage for the underlying claim, as that will be for the court to determine, as will the applicability of any legal standards or state statutes.  The discussion of coverage is merely to evaluate and explore whether the actions and coverage positions taken by MUSIC in handling the underlying claim were reasonable and in keeping with insurance industry standards and common practice.

Eaux challenges Mr. Fey's opinion that "[t]he timeframe to pay undisputed amounts begins to run once Scottsdale received its building consultants estimate and had an opportunity to review it, not from the date Skyline provided its four-volume submission of

---

[1] Defendant's exhibit A, Fey Report, p. 5, Doc. 72-1.

Estimate of Damages.[2] Eaux maintains that this opinion is a legal conclusion with no explanation as to why Skyline's Estimate of Damages does not qualify as proof of loss.

Eaux complains that Mr. Fey's opinions are contrary to Louisiana law and therefore he cannot be allowed to testify about law which is incorrect. See *Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.,* 654 S.Supp.2d 518, 522 (E.D. La. 2009) (excluding entirety of offered expert's testimony when the expert's report was "rife with legal conclusions, which are inadmissible" and were also "legally incorrect"); *accord Loeffel Steel Prod., Inc., v. Delta Brands, Inc.,* 387 F.Supp.2d 794, 809(N.D.Ill 2005) ("Expert opinions that are contrary to law are inadmissible.  They cannot be said to be scientific, to be reliable, or to be helpful to the trier of fact.  Indeed, 'it is not an "expert" opinion, but rather a personal opinion...'") (internal citations omitted).

Eaux contends that satisfactory proof of loss was made when it submitted Skyline's Estimate of Damages whereas Scottsdale contends otherwise, specifically when the insurer agrees to a certain undisputed amount of damage. Mr. Fey notes that his opinion is abased on insurance industry standards and not his interpretation of law or any legal standard.

The Court finds that Mr. Fey is qualified, and his report and expert testimony is both relevant and reliable.  As such Mr. Fey will be permitted to testify as to facts with regard to Scottsdale's handling of the claim and insurance industry standards, customs, and practices applicable to handling insurance claims. However, Mr. Fey will not be permitted to testify as to any area that would be considered as making a legal conclusion.

---

[2] Id.

## **CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion to Exclude Defendant's Expert Witness is **GRANTED** to the extent that Mr. Fey will not be permitted to testify as legal conclusions; otherwise, the motion is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of October, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**