UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EAUX HOLDINGS L L C** | **CASE NO. 2:20-CV-01582** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

A jury trial of this matter was held from March 7, 2022, until March 10, 2022. The instant lawsuit involved a dispute over Defendant Scottsdale Insurance Company's ("Scottsdale") claims adjustment, the timeliness of Scottsdale's payments to Plaintiff Eaux Holdings, LLC ("Eaux"), and the bad faith handling of the claim. The jury reached a unanimous verdict in favor of Plaintiff for additional damages over the amount Scottsdale had previously paid to Eaux in the amount of $238,909.49. The jury found the following payments were untimely and Scottsdale's untimely payments were arbitrary, capricious, or without probable cause:

| | |
|---|---|
| 11/23/2021 | $218,192.53 |
| 1/8/2021 | $177,731.98 |
| 3/7/2021 | $ 29,440.00 |
| 5/18/2021 | $1,120,726.00 |

The Court requested that the parties file post-trial briefs concerning the calculation of attorney's fees, penalties, and costs. The Court has reviewed the parties' memoranda and exhibits.

Louisiana Revised Statute 22:1892 mandates a 50 percent penalty as to any payment not made within 30 days after receipt of satisfactory proof of loss if such failure to pay was arbitrary, capricious or without probable cause. The jury found that Plaintiff was entitled to the policy limits of $2,035,000 in insurance proceeds to repair the building. The jury also found that with the exception of the first $250,000 payment, all of Scottsdale's payments were untimely, and that the failure to pay was arbitrary, capricious, or without probable cause. Consequently, the Court calculates Plaintiff's penalties as follows:

$2,035,000.00 - $250,000 (timely payment) = $1,785,000.00 X 50% penalty = **$892,500.00**

The Court finds that reasonable attorney fees can be calculated multiple ways and should be considered on a case-by-case basis. The Court notes that attorney fees can be calculated based on the lodestar formula or based on a contingency fee, if applicable.

Plaintiff requests that the Court order Defense counsel to produce its billing records considering that Plaintiff's counsel was hired on a contingency fee basis and does not bill in the same manner as defense counsel. The Court does not find it necessary for defense counsel to produce its billing records. The Court has determined that Plaintiff's contractual agreement of a 20% contingency fee is reasonable based on the facts and circumstances of this case.

The Court looks at each case separately and determines the reasonableness of attorney's fees based on the facts and circumstances of each case. Part of this inquiry includes, but is not limited to, the complexity of the case, the extent of the litigation, the motion practice involved, (the Court notes Defendant engaged in extensive motion practice

during the course of this litigation), the extent of discovery, and if the case was tried to verdict. Under these circumstances, the Court would have been open to a higher contingency fee. The Court could and may under certain circumstances use a lodestar method of calculation. Had the Court determined Plaintiff's attorney fee award based on the lodestar method, the Court would have been amenable to using defense counsel's billing records to assist in calculating Plaintiff's attorney fees. Defense counsel's hours expended would be beneficial as one method of measuring a reasonable number of hours to calculate Plaintiff's attorney fees.

The Court sees no relevance to defense counsel's reliance on *Center for Orthopaedics & Spine LLC v. Blackboard Ins. Co.*, 2021 WL 500685, at *5 (La. Feb. 10, 2021), *vacated,* 2021 WL 4718088 (W.D. La. May 12, 2021) considering that the case involved a default judgment when the case was in its infancy and the case has not proceeded to trial. It should be noted that the Court subsequently vacated the default judgment in that case; therefore, it holds no precedent value. The Court finds that the case is not relevant, nor helpful here considering this case proceeded to a jury verdict after an extensive motion practice.

The Court further finds that the 20 percent attorney fee award applies to the additional award of damages by the jury and each payment made by Scottsdale that the jury found was untimely because each of these late payments was made after Plaintiff hired counsel. The Court calculates the attorney fees as follows:

| | | |
|---|---|---|
| Additional damage award | $238,909.49 X 20% = | $47,781.90 |
| 11/23/2020 late payment | $218,192.53 X 20% = | $43,638.51 |

| | | |
|---|---|---|
| 01/08/2021 late payment | $177,731.98 X 20% = | $35,546.40 |
| 03/17/2021 late payment | $ 29,440.00 X 20% = | $ 5,888.00 |
| 05/18/2021 late payment | $1,120,726.00 X 20% = | $224,145.20 |
| Penalty | $892,500.00 X 20% = | $178,500.00 |
| **TOTAL ATTORNEY FEE AWARD** | | **$535,500.01** |

Plaintiff is also entitled to its costs and has submitted a detailed summary of costs supported with invoices for a total of $130,650.381. The Court finds that Plaintiff's costs in the total amount of $130,650.381 are reasonable.

The Court finds that Plaintiff is entitled to the following award:

| | |
|---|---|
| Additional payment | $238,909.49 |
| Penalties | $892,500.00 |
| Costs | $130,650.81 |
| Attorney's fees at 20% | $535,500.01 |
| **TOTAL AWARD** | **$1,797,560.31** |

**THUS DONE AND SIGNED** in Chambers on this 29th day of March, 2022.

```
         JAMES D. CAIN, JR.
     UNITED STATES DISTRICT JUDGE
```