# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

EAUX HOLDINGS L L C                    CASE NO.  2:20-CV-01582

VERSUS                                 JUDGE JAMES D. CAIN, JR.

SCOTTSDALE INSURANCE CO                MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Rule 50(b) Motion for Judgment as a Matter of Law and Motion to Alter/Amend the Judgment" [Doc. 166] filed by defendant Scottsdale Insurance Company ("Scottdale"). Scottsdale maintains that it is entitled to judgment as a matter of law on two issues: Plaintiff failed to meet its burden of proof that (1) additional indemnity amounts were owed under the policy; and (2) that the May 2021 payment was untimely.

Scottsdale further seeks to amend the judgment awarding plaintiff Eaux Holdings, LLC ("Eaux"), unsupported expert costs. Scottsdale asserts that plaintiff is only entitled to recover expert costs for testimony at trial and reasonable out-of-court work in preparation of trial testimony.

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura hit Lake Charles, Louisiana.  Eaux asserted a claim for property damages to commercial property located at 620 Esplanade in Lake Charles (the "property"); the policy limit was $2,000,000.00.[1]

---

[1] Doc. 1, ¶ 3, Exhibit A.

A jury trial of this matter was held from March 7, 2022, until March 10, 2022. The instant lawsuit involved a dispute over Scottsdale's claims adjustment, the timeliness of Scottsdale's payments to Eaux, and the bad faith handling of the claim.  The jury reached a unanimous verdict in favor of Plaintiff for additional damages over the amount Scottsdale had previously paid to Eaux in the amount of $238,909.49. The jury found the following payments were untimely and Scottsdale's untimely payments were arbitrary, capricious, or without probable cause:

| | |
|---|---|
| 11/23/2021 | $218,192.53 |
| 1/8/2021 | $177,731.98 |
| 3/7/2021 | $ 29,440.00 |
| 5/18/2021 | $1,120,726.00 |

Louisiana Revised Statute 22:1892 mandates a 50 percent penalty as to any payment not made within 30 days after receipt of satisfactory proof of loss if such failure to pay was arbitrary, capricious or without probable cause. The jury found that Plaintiff was entitled to the policy limits of $2,035,000 in insurance proceeds to repair the building. The jury also found that with the exception of the first $250,000 payment, all of Scottsdale's payments were untimely, and that the failure to pay was arbitrary, capricious, or without probable cause.

This Court ultimately found that Plaintiff was entitled to the following award:

| | |
|---|---|
| Additional payment | $238,909.49 |
| Penalties | $892,500.00 |
| Costs | $130,650.81 |

| | |
|---|---|
| Attorney's fees at 20% | $535,500.01 |
| **TOTAL AWARD** | **$1,797,560.31** |

Scottsdale now files this motion for a "Rule 50(b) Motion for Judgment as a Matter of Law and Motion to Alter/Amend the Judgment". Scottsdale maintains that it is entitled to judgment as a matter of law on two issues: Plaintiff failed to meet its burden of proof that (1) additional indemnity amounts were owed under the policy; and (2) that the May 2021 payment was untimely.

Scottsdale further seeks to amend the judgment awarding plaintiff Eaux Holdings, LLC ("Eaux"), unsupported expert costs. Scottsdale asserts that plaintiff is only entitled to recover expert costs for testimony at trial and reasonable out-of-court work in preparation of trial testimony.

## **LAW & APPLICATION**

### A. **Legal Standard**

A motion for a judgment as a matter of law (JMOL) under Federal Rules of Civil Procedure 50(b) is reviewed under the same standard as a 50(a) motion, and Fifth Circuit courts are "especially deferential" to the findings of the jury. *Apache Deepwater, LLC v. W&T Offshore, Inc.*, 930 F. 3d 647, 653 (5th Cir. 2019).

Given the deference the jury is owed, "[a] jury verdict must stand unless there is a lack of substantial evidence, in the light most favorable to the successful party, to support the verdict." *Am. Home Assur. Co. v. United Space All.*, *LLC*, 378 F. 3d 482, 487 (5 Cir. 2004). Furthermore, a "jury may draw reasonable inferenced from the evidence, and those

inferences may constitute sufficient proof to support a verdict." *Foradori v. Harrie*, 523 F. 3d 477, 485 (5th Cir. 2008).

### B. Application

### a. Jury Findings on Amounts Owed

Scottsdale argues that Eaux failed to prove that additional amounts were owed under the insurance contract. Ultimately, Scottsdale argues that Eaux failed to submit evidence that it incurred the claimed costs to repair the property.

Eaux maintains that it submitted a chart as Exhibit 3A [Doc. 154-60], which was admitted into evidence. This chart shows the costs incurred to repair the property. This chart shows Encore's actual repair costs at $1,355,240.00. Eaux asserts that this chart was admitted as evidence because the numbers reflected in Exhibit 3A were all supported by invoices. Furthermore, the invoices were also admitted into evidence. *See* Docs. 154-15 through 154-25. Eaux argues that not only was Exhibit 3A admitted as evidence with all its underlying documents, Joey Odom, owner of Eaux, and Evan Monheiser, representative of Encore, and Jeff Major, public adjuster for Eaux, all testified to the jury about the costs of repair.

Eaux argues that it is clear that Scottsdale cannot show a lack of evidence to support the jury's findings, as that evidence is part of the record. Given the deference that the jury is owed, the Court finds that the jury verdict must stand and there is substantial evidence to support the verdict. As such, the Court finds no basis in law to reverse its earlier ruling as to this issue.

### b.  Jury Findings on Untimely Payments

Eaux sued Scottsdale for violations of La. R.S. 22:1892, which provides for a bad faith penalty when an insurer fails to pay the amount due within 30 days after receipt of satisfactory proof of loss, and when that failure to pay is arbitrary, capricious, or without probable cause. La. R.S. 22:1892(A) and (B).

Scottsdale argues that Eaux failed to meet its burden at trial to show that the May 2021 final payment was untimely, which is required to prevail on its bad faith claims related to this payment. Scottsdale maintains that the policy and Louisiana law are clear that a Replacement Cost Value payment is not owed until repairs are complete and the insured submits the amounts actually spent on repairs. Scottsdale argues that the evidence submitted at trial established that the May 2021 payment was made within 30 days of receipt of the claimed repair costs, and as such the payment is not untimely.

Eaux argues that to uphold the jury's findings that all of Scottsdale's payments were late (with the one stipulated exception), Eaux merely needs to show that Scottsdale had sufficient information to know the extent of Eaux's loss and failed to pay that much within 30 days. Eaux argues that it provided ample evidence to support this assertion such as: Jeff Major's testimony that he informed Scottsdale that the building was a total loss on September 15, 2020 and provided a four-volume, detailed estimate to Scottsdale; Scottsdale admitting that its first adjusted in September said it was at least a $1.5 million loss and might be cheaper to tear down and rebuild; the testimony of Jeff Majors, Joey Odom, and Evan Monheiser that they all tried to communicate with Scottsdale for months, informed Scottsdale of the repairs and costs, and Scottsdale did not respond.

Eaux maintains that the proper legal standard for a JMOL is whether there is any "substantial evidence, in the light most favorable to the successful party," that supports the jury's findings that Scottsdale's payments were more than 30 days after satisfactory proof of loss. Eaux argues that there is copious support for those finding and as such this motion should be denied. The Court agrees and finds no basis in law to reverse its earlier ruling as to this issue.

### c.  Expert Costs

Scottsdale asks this Court to alter/amend the judgment awarding Eaux $130,000 in costs. Scottsdale maintains that Eaux failed to submit sufficient evidence to support the claimed $100,000 for its expert public adjuster, Jeff Major. Scottsdale further argues that Eaux is precluded from recovering expert costs for an expert that did not testify at trial.

The factors to be considered by the trial court in setting an expert witness fee include the time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. *Rincon v. Owens Collision & Repair Serv. Ctr., LLC*, 2018-0383 (La. App. 1 Cir. 9/21/18). In assessing expert witness fees, the trial court is not bound by agreements between an expert witness and the party calling him concerning fees, the expert's statements concerning his charges, nor the actual fees paid. In fact, those facts should not be considered by courts when determining fees. *Id.*

Further, regarding recovery of other costs under Louisiana law, taxing of deposition costs is limited to deposition used at trial. La. R.S. 13:4533; *Edwards v. Louisiana Farm Bureau Mut. Ins. Co.*, 2013-0186 (La. App. 1 Cir. 12/27/13). If a deposition is not so used

at trial, the cost of that deposition, including the deponent's fee for giving the deposition, may not be taxed as costs. *Id.*

As such, the assessment of expert costs is limited to a reasonable rate for the expert testimony presented at trial.

Scottsdale argues that Jeff Major's expert work in this case was limited to trial testimony and one deposition. Additionally, Major did not submit an expert report for trial. Major's public adjusting work was subject to a separate contract, as Major was hired one day after the hurricane. Doc. 163-3. In his role as a litigation expert, Major sat for a seven-hour deposition and attended four days of trial. Scottsdale argues that Eaux failed to show that the claimed 259 hours included on the invoice is related to work in "gathering facts necessary for his testimony." *Dakmak v. Baton Rouge City Police Dep't*, 2012-1850 (La. App. 1 Cir. 9/4/14), 153 So. 3d 511, 514. As such, Scottsdale seeks an amended judgment reducing the hours of Skyline's invoice to reasonable hours for Major's deposition (8 hours), trial testimony (32 hours), and preparation for trial testimony (10 hours), for a total of 50 hours.

Further, Scottsdale argues that Eaux failed to demonstrate why it is entitled to expert costs of a Skyline employee, who did not testify at trial, and who was not designated as an expert, totaling over $30,000. Scottsdale seeks an amended judgment excluding recovery of this Skyline employee's hours.

Scottsdale also asserts that Eaux cites to no cases allowing an insured to recover expert fees associated with a claim that was voluntarily dismissed with prejudice. Louisiana law allows recovery of expert costs for experts who testified at trial, and only for work

preparatory to that expert testimony. Scottsdale argues that Eaux only retained Vanchiere to support a La. R.S. 22:1973 claim which was dismissed with prejudice. As such, Eaux cannot recover these costs, totaling $8,650.

Scottsdale requests an amended judgment to set expert costs of Skyline at 50 hours, and exclude the $38,650 costs from experts that were not used at the trial of this matter. The Court agrees with Scottsdale's argument and as such, the motion to amend the judgment will be granted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for judgment as a matter of law is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the motion to amend the judgment is hereby **GRANTED** and an amended judgment will set expert costs of Skyline at 50 hours, and exclude the $38,650 costs from experts that were not used at the trial of this matter.

**THUS DONE AND SIGNED** in Chambers this 1st day of July, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**