## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **EAUX HOLDINGS L L C** | **CASE NO. 2:20-CV-01582** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## JURY INSTRUCTIONS

**PART I: GENERAL INSTRUCTIONS**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard

each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you. You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiff Eaux Holdings LLC has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Eaux Holdings has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

-2-

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude an- other fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Do not let bias, prejudice or sympathy play any part in your deliberations. A limited liability company and all other persons are equal before the law and must be treated as equals in a court of justice.

## PART II: SUBSTANTIVE LAW AND STATEMENT OF THE CASE

An insurance policy is a contract that is the law between parties. An insurance policy is construed like any other contract according to the parties' intent as expressed in the words of the policy. Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy.

Insurance companies are free to limit coverage in any manner they desire as long as the limitations of liability do not conflict with statutory law or public policy.

An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.

The Scottsdale policy extends coverage only to Covered Property damaged by a Covered Cause of Loss.

Under the policy, the building is Covered Property, inclusive of completed additions, fixtures, permanently installed machinery and equipment. However, the cost for excavation, grading backfilling; the foundation of the building below the lowest basement floor or the surface of the ground; the land on which the building is located; underground pipes, flues or drains; and fences are not Covered Property under the policy.

The policy defines a Covered Cause of Loss as "direct physical loss unless the loss is excluded or limited in this policy."

An "incurred" cost is a cost that the insured actually paid or that the insured is legally obligated to pay.

An insured must have a valid substantive claim for which insurance coverage is due as a prerequisite to recovery of any penalties.

An insurer shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

An insurer shall make a written offer to settle any property claim within thirty days after receipt of satisfactory proofs of loss of that claim.

Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, within thirty days after receipt of satisfactory proofs of loss of that claim, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty.

"Satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim, including the extent of the damages sought.

"Satisfactory proof of loss" is a flexible requirement to advise the insurer of the facts of the claim. It is not required to be in any formal style.

As long as the insurer receives sufficient information to act on the claim, 'the manner in which it obtains the information is immaterial.

Satisfactory proof of loss can be satisfied by the insurer receiving an estimate of the cost of repair, or the insurer's independent adjuster after personal inspection of insured's property.

The insurer's receipt of satisfactory proof of loss triggers the running of the applicable statutory time limits under Louisiana's insurance penalty statute.

Eaux Holdings has the burden of proving that the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause.

An insurer has a right and a duty to review damage estimates to verify the scope and cost of work, especially on large and/or complex property damage claims.

Eaux Holdings, who claims penalties for alleged untimely payment of insurance proceeds has the burden of proving as to each payment the following elements by a preponderance of the evidence:

1. The insurer received satisfactory proof of loss;

2. The insurer did not pay within the required time; and

3. The insurer acted in a manner that was arbitrary, capricious, or without probable cause.

The duties of good faith and fair dealing imposed on insurers by R.S. 22:1892 are continuing duties that do not end during litigation.

The insured has the burden of proving that the insurer acted in bad faith. Under the law, "arbitrary and capricious" means a refusal to pay without reasonable or probable cause, justification or excuse. An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss.

This standard requires an assessment of the reasonableness of the defendant insurer's conduct, and when there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause.

In the event of loss or damage to Covered property, the Scottsdale policy obligated Eaux Holdings, LLC to provide "prompt notice of the loss or damage." You may only assess damages as they relate to and/or were caused by Hurricane Laura.

**PART III: Damages**

The Scottsdale policy provides, in pertinent part, the following:

**1. Replacement Cost**

    a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form. Upon proof of actual repair and/or replacement, the insured may then recover Replacement Cost Value (RCV).

Actual Cash Value is the reproduction cost less depreciation. Stated another way, it is the cost of duplicating the damaged property with materials of like kind and quality, less allowance for existing physical deterioration and depreciation.

You may award damages on either an actual cash value basis, or you may award damages on a replacement cost basis if the loss was actually repaired or replaced and if the cost to repair or replace the property exceeds the actual cash value.

The touchstone for determining actual cash value is to put the insured in exactly the same position as he or she was in right before the loss; an award of actual cash value should provide the insured with neither economic gain nor loss.

An award of replacement cost value is designed to place the insured in a better position than before the loss, because the insured contracted for the right to replace the old, depreciated property with brand new property of like kind of quality, less any applicable deductible and any prior payments.

To calculate damages on a replacement cost basis, Scottsdale is required to pay the lesser of the policy limits or the amount "actually spent" that is necessary to repair the damaged property.

The amount "actually spent" includes amounts already paid by Eaux Holdings, LLC as well as amounts Eaux Holdings, LLC has legally agreed to pay for work that has already been completed.

- 11 -

## PART IV: CONCLUSION

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict

form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson  should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

**You may now retire to the jury room to begin your deliberations.**

**THUS DONE AND SIGNED** in Chambers on this ____10th___ day of March, 2022.

**JAMES D. CAIN, JR.**

**UNITED STATES DISTRICT JUDGE**